IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DUSTIN JOHN JAMES HOUSTON, Defendant. | CR 18-59-BLG-SPW ORDER |

On July 19, 2023, Defendant Dustin John James Houston filed a pro se motion to reduce his 180-month federal sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 42.) Houston pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 31 (Judg.).) His projected release date is February 15, 2031. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed November 27, 2023). On July 20, 2023, counsel was appointed to represent the defendant. (Doc. 43.) Appointed counsel filed an amended motion on October 2, 2023. (Doc. 47.) The government opposes. (Doc. 50.) For the reasons stated below, the defendant's motion is denied.

1

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).[1] Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Houston argues that his medical conditions and need to serve as a caretaker for his mother are extraordinary and compelling reasons that justify a sentence reduction under § 3582(c)(1)(A). Ultimately, while Houston's health conditions are an extraordinary and compelling reason for early release and it is

---

[1] On November 1, 2023, the Sentencing Commission amended its policy statements to further define "extraordinary and compelling reasons." *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (*available at* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). Although the amendments were not in effect when the parties briefed this matter, the amendments are not material to Houston's arguments and the Court's decision reflects the effective changes.

possible that the need to be a caretaker is also extraordinary and compelling, the § 3553(a) factors do not weigh in favor of a sentence reduction. Accordingly, his motion is denied.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Houston filed a request for relief with the warden at his facility on June 4, 2023. (*See* Doc. 42.) The warden did not respond. (*Id.* at 1.) Houston has therefore exhausted his administrative remedies as required by statute.

II. **Extraordinary and Compelling Reasons**

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including suffering from a serious physical or medical condition, increased risk of severe medical complications or death due to COVID-19 exposure, and the incapacitation of a defendant's parent when the defendant is the only available caregiver. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (1)(D), (3)(C) (2023). The Sentencing Commission also

3

explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Houston's current medical diagnoses include obesity, asthma, and Type II Diabetes, which are serious health conditions that require consistent treatment. (Doc. 49.) Combined with his other medical conditions, Houston's obesity causes an increased risk of stroke, heart attack, and developing severe illness if infected with COVID-19. (*See* Doc. 37 at 3.) The government argues that Houston's medical challenges are not an extraordinary and compelling reason for a sentence reduction because he has been able to appropriately address his obesity while incarcerated, as evidenced by the comprehensive list of medications he currently receives and the fact that he has successfully reduced his weight by nearly 100 pounds since his previous motion for compassionate release. Although the record demonstrates that Houston's overall medical condition has arguably improved since his previous motion, Houston's health issues continue to constitute an extraordinary and compelling reason for a sentence reduction.

However, Houston's mother's need for a caregiver does not provide an independent extraordinary and compelling reason as Houston did not provide sufficient evidence for the Court to determine that he is her only available caregiver. Nor did Houston provide any evidence to establish the severity of his mother's condition, either through medical records or an affidavit from her.

4

## III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Houston was involved in distributing large quantities of methamphetamine in the Billings area between December 2017 and February 2018, (*see* PSR ¶¶ 8–11, 14–19), and was held responsible for approximately 3.342 kilograms of methamphetamine, (*id.* ¶ 19). Houston also carried a firearm in furtherance of his drug trafficking crimes. (*Id.* ¶¶ 12–13, 18.) Based on this conduct, Houston's advisory guideline range was 210 to 262 months. (*Id.* ¶ 82.) Yet, despite the seriousness of his offense conduct and high guideline range, Houston received a

5

sentence of 180 months, a significant downward variance. (Doc. 31.) Put simply, his existing sentence reflects a favorable consideration of his criminal history, his willingness to pursue treatment, and his health concerns. Reducing Houston's sentence further to the approximately 93 months requested would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 42, 47) is DENIED.

DATED this 29th day of November, 2023.

Susan P. Watters, District Judge
United States District Court